UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABDULRAHMAN MUNASSAR, | No. C 05-4350 JL |
| Plaintiff, | **ORDER RE ATTORNEY CONDUCT AT DEPOSITION** |
| v. | |
| HORIZON LINES, INC | |
| Defendant. | |

## Introduction

This Court has jurisdiction over this case pursuant to the Jones Act , 46 U.S.C. §688 and the consent of the parties as provided by 28 U.S.C. §636(c) and Civil Local Rule 73. The jury trial of this case is calendared for November 13, 2006 and the parties are in the final stages of discovery.

## Discovery Dispute

Plaintiff advised the Court by telephone and e-mail on September 5, 2006 of a discovery dispute:

> I am plaintiff's attorney of record in the above-listed case for alleged personal injury damages under the Jones Act, 46 U.S.C. §§688; et seq., and the general maritime law. A copy of this e-mail was simultaneously sent to defendant's attorney of record, Harvey Wittenberg. Time is important, as a deposition is pending on September 6, 2006 at 3:00 p.m. of a seafarer – percipient witness, whom I believe will ship out tomorrow, September 6. This action is set for jury trial on November 13, 2006.

The crux of the matter arises out of a deposition which I just took of defendant's Chief Mate McDorr today, June 5, 2006, and addresses my concern about one which I will be taking of defendant's Chief Engineer Mills on June 6 at 3:00 p.m. During Mr. McDorr's deposition, Mr. Wittenberg repeatedly interfered with my attempts to cross examine this managing employee. Mr. Wittenberg would make "speaking objections" and/or ask for "clarifications" that either suggested the answer or so "explored" the question that it became useless to ask it and hope for an untainted response. In one especially egregious instance, Mr. Wittenberg kept insisting that I change my question; by then end of his "objection," everyone in the room knew what the answer should be. In an even more egregious instance, while I was trying to test the memory of this percipient witness, Mr. Wittenberg presented his copies (not exhibits to the deposition) of accident site photographs to the witness literally as the witness was getting ready to address my question about the condition, the "look," of that site; then Mr. Wittenberg audaciously denied on the record that he had done so and invited me to seek the Court's assistance: this is why my office called the Court's staff on September 5. Unfortunately, Mr. McDorr's deposition was completed before this Honorable Court could address the matter. Mr. McDorr's deposition may well have been *de bene esse* in effect because Mr. McDorr plans on shipping and may be at sea on November 13. Such is likely also to be the case as to Chief Engineer Mills' pending deposition.

In short, Mr. Wittenberg's conduct has and likely will continue to severely, unduly prejudice my ability to cross examine percipient witnesses whom are managers of and deemed controlled persons by the defendant.

Plaintiff respectfully seeks this Honorable Court's order that Mr. Wittenberg not make further speaking objections, nor point out upon exhibits information subject of a pending question.

The Court received no communication from Defendant's counsel, and makes no judgment whether Defendant's counsel actually engaged in the conduct of which Plaintiff's counsel complains. However, to guide counsel in further conduct during depositions, the Court issues the following order.

## Conclusion and Order

It is an unfortunate and wasteful use of the Court's time to intervene and instruct attorneys about a code of conduct which they should know and observe without the Court's intervention.

Courts have ordered specific guidelines in cases where deposition conduct was at issue, for example:

"The following guidelines for depositions are hereby imposed:

A.   At the beginning of the deposition, deposing counsel shall instruct the witness to ask deposing counsel, rather than the witness's own counsel, for clarifications, definitions, or explanations of any words, questions, or documents presented during the course of the deposition.

B. All objections, except those which would be waived if not made at the deposition under Federal Rules of Civil Procedure 32(d)(3)(B), and those necessary to assert a privilege, to enforce a limitation on evidence directed by the Court, or to present a motion pursuant to Federal Rules of Civil Procedure 30(d), shall be preserved. Therefore, those objections need not and shall not be made during the course of the deposition.

C.   Counsel shall not direct or request that a witness not answer a question, unless that counsel has objected to the question on the ground that the answer is protected by a privilege or a limitation on evidence directed by the Court.

D.   Counsel shall not make objections or statements which might suggest an answer to a witness.  Counsels' statements when making objections should be succinct, stating the basis of the objection and nothing more.

E.   Counsel and their witnesses and clients shall not engage in private, off- the-record conferences during depositions or during breaks or recesses, except for the purpose of deciding whether to assert a privilege;  and, any off-the- record conference is a  proper subject for inquiry by deposing counsel to ascertain whether it was done in violation of this Order.

F.   Deposing counsel shall provide to the witness's counsel a copy of all documents shown to the witness during the deposition.  The copies shall be provided either before the deposition begins or contemporaneously with the showing of each document to the witness.  The witness and the witness's counsel do not have a right to discuss documents privately before the witness answers questions about them.

Any counsel violating these guidelines shall be subject to sanctions, upon motion by the opposing party." *Armstrong v. Huffman*, 163 F.R.D. 299, 304-305 (E.D.Mo. 1995).

**Conclusion and Order**

All counsel in the case at bar shall observe the guidelines above, in all depositions in this case.

IT IS SO ORDERED.

DATED: September 6, 2006

_____
James Larson
Chief Magistrate Judge